**HANNIH TJONG JAP, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73178.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 23, 2012.

Robert George Ryan, Law Offices of Eugene C. Wong, Inc., San Francisco, CA, for Petitioner.

Jeffrey Lawrence Menkin, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Hannih Tjong Jap, a native and citizen of Indonesia, petitions for review of the

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Jap did not experience harms in Indonesia amounting to past persecution. *See id.* at 1059–60; *see also Khourassany v. INS*, 208 F.3d 1096, 1100–1101 (9th Cir.2000) (petitioner failed to establish past persecution based on harassment and forced closure of business). Substantial evidence also supports the agency's finding that Jap failed to establish it is more likely than not she will be persecuted if returned to Indonesia, because, even as a member of a disfavored group, Jap has not demonstrated the requisite individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Further, Jap has not established a pattern or practice of persecution of people similarly situated to her. *See Wakkary*, 558 F.3d at 1060–62. Accordingly, Jap's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Jap failed to establish it is more likely than not she will be tortured if returned to Indonesia. *See id.* at 1067–68.

Finally, we reject Jap's contention that the IJ failed to consider the country condi-ed by 9th Cir. R. 36–3.

tions materials, because she has not overcome the presumption the agency reviewed the record. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**